MARTHA CRAIG DAUGHTREY, Circuit Judge.
Pursuant to an agreement with the government, defendant Thomas Westerlund pleaded guilty to two counts of sexual exploitation of a child under 18 U.S.C. § 2251(a), one count of possession of images of minors engaged in sexually explicit conduct under 18 U.S.C. § 2252(a)(4)(B), and one count of possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B), but expressly reserved the right to appeal the district court’s denial of his motion to suppress the evidence that led to his arrest and conviction. The defendant argues on appeal, as he did in the district court, that the initial search warrant executed by police was not supported by probable cause, that evidence obtained during the execution of that warrant was illegally seized, and that his subsequent statements to police and evidence seized pursuant to two related search warrants were subject to suppression as “fruit of the poisonous tree.” We find no error in the district court’s denial of suppression and affirm.
The charges in this case resulted from a complaint to the Zeeland (Michigan) police department by the parents of a 15-year-old boy, B.J., who had come home intoxicated on March 25, 2009, and reported that he had obtained liquor from Westerlund that evening. The police interviewed B.J.’s girlfriend, J.P., who had also come home intoxicated. She claimed that West-erlund drove to a particular liquor store and purchased Canadian House whiskey and Coca Cola. Security cameras and a store receipt corroborated her story.
The next day, March 26, Chief of Police William Olney prepared an affidavit that included this information and other relevant facts uncovered by the department’s investigation. Thus, the affidavit recited that B.J.’s parents knew that B.J. had been “hanging out with” Westerlund and had learned that Westerlund provided alcohol to their sons, B.J. and W.J. W.J., the older of the two brothers, said that he had been to Westerlund’s house in the past and that Westerlund had provided him with alcohol, cigarettes, and marijuana while he was there. He also said that “a camera had been used at some of their parties and pictures had been taken but he thinks most of them were deleted.” W.J. also indicated that his friend, N.W., had engaged in a sexual relationship with Westerlund and that W.J. had witnessed them engaging in mutual sexual touching. N.W.’s mother reported that she was concerned about the relationship her son had developed with Westerlund and had heard that he was molesting N.W., as well as providing him with liquor and drugs. The affidavit also reflected that in 2002, the Holland Police Department had prepared a report in response to a complaint that Westerlund possessed images of naked children on a compact disc that he had *368 opened on his computer at his place of employment in front of his supervisor.
Olne/s affidavit was submitted to a magistrate to support an application to search Westerlund’s house, his vehicle, and his place of employment for “evidence relating to alcohol, marijuana, and devices used to photograph, record, and store images of minors without clothes or using alcohol or controlled substances.” United States v. Westerlund, No. 1:09-CR-154, 2009 WL 3711555, at *1 (W.D.Mich. Nov. 4, 2009). During the ensuing search, officers found marijuana plants, bottles of Canadian House whiskey, computers, electronic storage devices, and photographs of unclothed minors and of minors consuming alcohol. -After the search, Westerlund made statements to the police, including admissions that he had supplied young boys with alcohol at his home, that he had looked at images of unclothed boys on his computer, and that he had been undressed in the presence of the boys. Based upon the evidence obtained at his home and these statements, the police obtained a second warrant to search Westerlund’s computer and electronic storage devices, and a third warrant to search Wester-lund’s sailboat. What they discovered in the ensuing searches, coupled with the items seized in the initial search, led to the four-count indictment against Westerlund.
In response to the charges, Westerlund filed a motion to suppress challenging the constitutional validity of the first search warrant for lack of probable cause. He also sought to suppress his statements to the police and evidence obtained pursuant to the two subsequent warrants as fruits of the initial illegal search. The district court determined that the affidavit submitted by Olney did not establish probable cause to search Westerlund’s residence for evidence of child pornography. Citing United States v. Hodson, 543 F.3d 286, 290-92 (6th Cir.2008), the district court held that the evidence of child molestation in the affidavit was insufficient to establish probable cause to believe that Westerlund possessed child pornography. Westerlund, 2009 WL 3711555, at *3. Thus, the only evidence that Westerlund possessed photographs of naked minors was the 2002 complaint by Westerlund’s former employer, which the district court found stale and, therefore, insufficient to support probable cause to search for pornography. Id., at *4. In reviewing the remaining information in the affidavit, the court then determined that the police nevertheless had probable cause to search for evidence of providing intoxicants to minors. Id.
In addition, the district court determined that the scope of the search reasonably extended to the seizure of cameras at Westerlund’s residence, based on information supplied by W.J. The district judge observed that because photographs are often kept or preserved and can be retrieved through computer forensics if deleted, there was a fair probability that photographic evidence of Westerlund’s provision of intoxicants to minors would be found at the residence. Id. at *4; see also United States v. Frechette, 583 F.3d 374, 379 (6th Cir.2009) (“[Digital images ... can be easily duplicated and kept indefinitely even if they are sold or traded. In short, [they] can have an infinite life span.”).
Moreover, the district court recognized that the best evidence of providing alcohol to minors would be photographic documentation, because Westerlund’s otherwise legal possession of alcohol alone would be insufficient to prove an offense with respect to the minors who had been in his house. Hence, because W.J.’s statements provided a “substantial basis” to believe that relevant photographs would be found at Westerlund’s residence, the district court properly held that the police officers *369 were entitled to examine photographs found throughout the house in the course of their search. See United States v. Johnson, 351 F.3d 254, 258 (6th Cir.2003) (noting that the standard of review for sufficiency of an affidavit is whether a “magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited”) (citing United States v. Greene, 250 F.3d 471, 478 (6th Cir.2001)). The district court was also correct in ruling that the police were justified in seizing photographs that they came across in the course of their search that were immediately recognizable as evidence of crimes related to child pornography, under the “plain view” exception to the warrant requirement. See United States v. Blakeney, 942 F.2d 1001, 1028 (6th Cir.1991) (holding that police may seize evidence without a warrant if the officer is lawfully on the premises, the discovery is inadvertent, and the incriminating nature of the evidence is immediately apparent).
Having determined that the search itself was not illegal, the district judge properly concluded that Westerlund’s subsequent statements and the evidence obtained from the later searches were not subject to suppression under the “fruit of the poisonous tree” doctrine. Westerlund, 2009 WL 3711555, at *6. The court also considered and rejected Westerlund’s claims that the magistrate who issued the search warrant was not neutral and detached and that the affidavit contained material omissions. Id. at *5-*6. Finally, the district judge did not specifically address Westerlund’s claim that the search of his office was unwarranted because there was no nexus between the crime of providing intoxicants to minors and West-erlund’s place of employment, but because none of the evidence supporting the charges against Westerlund was found in his office, the issue was moot — as the district court correctly recognized. Westerlund, 2009 WL 3711555, at *4 (citing Johnson, 351 F.3d at 260).
For the reasons set out above, we conclude that the district court’s denial of the defendant’s motion to suppress was supported by the evidence presented at the suppression hearing, and we therefore AFFIRM the district court’s judgment.